UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SILVIO CAMPAS,

v.   Case No. 8:08-cv-523-T-24MSS

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Silvio Campas' 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. No. 1).  Campas previously filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-332 in case nos 8:06-cv-1363-T-24TGW and 8:04-cr-84-T-24TGW) raising the same claim that he raises in the present petition: "Whether the district court abuse [sic] his [sic] discretion [sic] denying Mr. Silvio Campas [sic] request for a minor role adjustment which is the role petitioner played in the conspiracy."   (See Petition, p. 2)

Because Campas raised the same claim that he raises in his present petition for writ of habeas corpus in his previously-filed section 2255 motion to vacate (See Petition, p. 4), the Court construes the present 28 U.S.C. § 2241 petition for writ of habeas corpus as a successive 28 U.S.C. § 2255 motion to vacate.

Discussion

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or

successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. *See In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996). Defendant Campas has not fulfilled the requirements of the statutes as set out above.

**Accordingly, the Court orders**:

That Campas' construed successive 28 U.S.C. § 2255 motion to vacate is denied. The Clerk is directed to enter judgment against Defendant in Civil Case No. 8:08-cv-523-T-24MSS, and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on March 24, 2008.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Anthony Porcelli
Pro se: Silvio Campas